# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON (a/k/a Faustino Robinson Garcia),<br><br>  Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY and UNITED STATES OF AMERICA,<br><br>  Defendants. | CASE NO. 06CV761 JLS (WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(Doc. No. 12) |

Presently before the Court is defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 12.) On February 15, 2006, plaintiff filed a complaint in San Diego County Superior Court against "Social Security" and "Mrs. Garza." Plaintiff, a Hispanic male, alleged he was denied benefits (including psychiatric medications) because Mrs. Garza, a Hispanic female, discriminated against him. Plaintiff sought compensatory and punitive damages totaling $1 million dollars.

On April 4, 2006, defendants removed the case to this Court. (Doc. No. 1.) On June 1, 2006, defendants filed a "Certification of Scope of Office and Employment," representing that Mrs. Garza was acting within the scope of her employment as a federal employee. (Doc. No. 9.) Therefore, the United States was automatically substituted as a defendant, pursuant to 28 U.S.C. § 2679(d)(2). Defendants answered the complaint on June 2, 2006. (Doc. No. 10.)

1   Defendants filed the present motion to dismiss on August 30, 2006.  (Doc. No. 12.)
2  Plaintiff has never filed an opposition.  Defendants argue the Court lacks subject matter
3  jurisdiction because plaintiff failed to exhaust his administrative remedies before filing this civil
4  action.[1]

5   Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the
6  Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a
7  review of such decision by a civil action commenced within sixty days after the mailing to him of
8  notice of such decision[.]"  Section 405(g) is the exclusive provision for judicial review of any
9  claim arising from a Social Security decision.  See id. § 405(h) ("No findings of fact or decision of
10  the Secretary shall be reviewed by any person, tribunal, or government agency except as herein
11  provided."); Weinberger v. Salfi, 422 U.S. 749, 762-63 (1975) (holding that § 405(g)'s "final
12  decision" prerequisite applied to suit challenging constitutionality of Social Security benefit
13  eligibility criteria); Hironymous v. Bowen, 800 F.2d 888, 892 (9th Cir. 1986).  The Social Security
14  Act "makes no provision for remedies in money damages against officials responsible for
15  unconstitutional conduct that leads to the wrongful denial of benefits."  Schweiker v. Chilicky, 487
16  U.S. 412, 424 (1988); accord Butler v. Apfel, 144 F.3d 622, 624 (9th Cir. 1998).  Therefore,
17  plaintiff's only viable claim for relief is a review of the denial of benefits pursuant to § 405(g).[2]

18   To bring a claim for denial of benefits, however, plaintiff must first obtain a "final
19  decision" following a hearing to which plaintiff was a party.  42 U.S.C. § 405(g).  An applicant for
20  benefits does not have a "final decision," however, until the Appeals Council declines to review
21  the decision of the administrative law judge ("ALJ") or issues its own decision on a case accepted
22  for review.  Cf. 20 C.F.R. § 416.1479 (2006) (explaining that the Appeals Council's decision,

---

[1] This case was originally assigned to the Honorable Larry A. Burns.  It was reassigned to the Honorable Jeffrey T. Miller on July 10, 2007 and then to the Honorable Janis L. Sammartino on October 1, 2007.

[2] Defendants speculate that, once the Court dismisses for lack of jurisdiction, plaintiff will argue that he intended to bring an action in tort, rather than for review of a decision denying benefits. Although the language of the complaint does not support such a reading, the Court agrees with defendants that such a cause of action must fail because plaintiff has failed to show that he satisfied the exhaustion requirements of the Federal Tort Claims Act.  See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993).

1  either to decline review or on the merits, is binding unless the applicant files a civil action in
2  federal district court).  Here, plaintiff did not have a final decision when he filed this action.
3  According to the Office of Disability Adjudication and Review, plaintiff was still awaiting a
4  hearing before an ALJ. (Ray Decla. ¶ 3.)  Therefore, plaintiff failed to satisfy § 405(g)'s
5  exhaustion requirement and, because plaintiff's claim is based on his entitlement to benefits, the
6  Court cannot waive the exhaustion requirement.  See Kildare v. Saenz, 325 F.3d 1078, 1082 (9th
7  Cir. 2003) (explaining that exhaustion can be waived only where plaintiff's claim, inter alia, is
8  "collateral to a substantive claim of entitlement" (internal quotation omitted)).
9      Because the Court lacks subject matter jurisdiction, the Court **GRANTS** defendants'
10 motion and **DISMISSES WITHOUT PREJUDICE** plaintiff's complaint.  Plaintiff **MAY**
11 **REFILE** his complaint after exhausting his administrative remedies and obtaining a "final
12 decision" from the Commissioner of Social Security.
13     IT IS SO ORDERED.
14
15 DATED: October 16, 2007
16
17                                             _____
                                               Honorable Janis L. Sammartino
18                                             United States District Judge